UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROCKLIN PARK PLACE
CONDOMINIUMS OWNERS
ASSOCIATION,

             Plaintiff,

     v.

LIBERTY INSURANCE
UNDERWRITERS, INC.,

         Defendant.

No.  2:12-cv-02247-TLN-CKD

**ORDER**

      This matter is before the court on Plaintiff, Rocklin Park Place Condominium Owners Association's ("Plaintiff"), motion for partial summary judgment on Plaintiff's third claim for declaratory relief.  (See Pl.'s Mot for Partial Summ. J., ECF 11.)  Plaintiff specifically seeks a court order that Defendant, Liberty Insurance Underwriters, Inc. ("Defendant"), Plaintiff's general liability insurer, violated its duty to defend Plaintiff in Randolph Holmes and Heidi Nay-Holmes v. Rocklin Park Place Condominiums Owners Association, SCV 0030559, which was venued in California Superior Court for the County of Placer ("Holmes Action").  (ECF 11-1 at 2:21-3:11.)  Defendant opposes the motion.  (See Def.'s Opp'n to Pl.'s Mot. for Partial

1

1    Summ. J., ECF 24.)  For the reasons set forth below, Plaintiff's motion is DENIED.[1]

2                              **BACKGROUND**[2]

3           Plaintiff purchased and Defendant issued to Plaintiff, the named insured, a general

4    commercial liability policy for the period of June 29, 2009 to June 29, 2012.  (DRUF ¶¶ 1-3.)

5    The policy provided that "the Insurer shall pay on behalf of the Insureds all Loss which shall

6    become legally obligated to pay as a result of a Claim first made during the Policy Period or

7    Discovery Period, if applicable, against the Insureds for a Wrongful Act which takes place before

8    or during the Policy Period."  (UF ¶ 4.) (emphasis omitted)    The policy also required Defendant

9    "to pay the defense costs of any claims [against Plaintiff] that come within [the policy's] coverage

10   and are not subject to exclusion and did not accrue before the prior [l]itigation [d]ate."  (DRUF ¶

11   5.)  The policy defines a claim as: "(a) a written demand for monetary or non-monetary relief

12   against an Insured; (b) the commencement of a civil or  criminal judicial proceeding or

13   arbitration against an Insured; (c) the commencement of a formal  criminal, administrative or

14   regulatory proceeding or investigation against an Insured, including any brought before the  Equal

15   Employment Opportunity Commission or any similar state,  local or territorial governmental

16   agency; or including any appeal therefrom."  (UF ¶ 7.)

17          On March 25, 2009, the Holmes, acting through their attorney, John Garcia, wrote a letter

18   to Plaintiff requesting that it reconsider its previous decision denying the Holmes' request for a

19   rental variance; that is, their request to rent their condominium in alleged contravention of

20   Plaintiff's Covenants, Conditions and Restrictions.  (UF ¶ 9.)  In the matter underlying this duty

21   to defend action, the Holmes filed a complaint against Plaintiff on February 8, 2012, alleging

22   "that their lawsuit arose out of the rental of their unit in apparent violation of" Plaintiff's

23   _____

24   [1]      Because oral argument will not be of material assistance, the court orders this matter
     submitted on the briefs. E.D. Cal. L.R. 230(g).

25   [2]      This motion presents almost purely legal issues.  Thus, the facts relevant to the resolution
     of this case are, for the most part, undisputed.  The court therefore cites to Plaintiff's Statement of
26   Undisputed Facts in recounting the facts of this case.  (See Pl.'s Statement of Undisputed Facts
     ("UF"), ECF 11-2.)   Where Defendant disputes a relevant fact, the court recounts Defendant's
27   version of the facts, as it must on a motion for Summary Judgment. (See Def.'s Response to
     Plaintiff's Statement of Undisputed Fact ("DRUF"), ECF 24-1.)   Moreover, where necessary, the
28   court cites to declarations and other evidence submitted with the parties respective papers.

                                          2

Covenants, Conditions and Restrictions.  (ECF 11-1 at 2:21-26.)

On February 22, 2012, Plaintiff tendered defense of the Holmes action to Defendant. (UF ¶ 11.)  On March 7, 2012, Defendant issued a letter to Plaintiff denying defense of the underlying Holmes action.  (UF ¶ 12.)  In its letter, Defendant stated that it was denying defense of the Holmes action on the grounds that it accrued prior to the policy coverage period. Specifically, Defendant stated that:

> Based upon the information submitted to date, there appears to be no coverage for this matter because the Claim appears to have been first made by the Holmes against the Association as early as March 25, 2009 when the Holmes sent the March 25, 2009 letter to the Association seeking a reconsideration of the Board's denial of the Holmes application to rent out their unit and obtain a variance on the rental restrictions in the CC&R's.  The March 25, 2009 letter also demanded preservation of documentary evidence in anticipation of litigation against the Association.  Since the Claim appears to have been first made more than two years prior to the inception date of the Policy Period coverage is precluded for this matter under the Policy.

(Decl. of Deon Stein, Ex. 8, ECF 11-16.)

## STANDARD

A motion for partial summary judgment is resolved under the same standard as a motion for summary judgment.  See California v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998). Summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on

3

1  file.'"  Id. at 324.  Indeed, summary judgment should be entered against a party who does not

2  make a showing sufficient to establish the existence of an element essential to that party's case,

3  and on which that party will bear the burden of proof at trial.  Id. at 322.

4      If the moving party meets its initial responsibility, the burden then shifts to the opposing

5  party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec.

6  Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv.

7  Co., 391 U.S. 253, 288-289 (1968).  In attempting to establish the existence of this factual

8  dispute, the opposing party may not rely upon the denials of its pleadings, but is required to

9  tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in

10  support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c).  The opposing party must

11  demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the

12  suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and that

13  the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for

14  the nonmoving party.  Id. at 251-52.

15      In the endeavor to establish the existence of a factual dispute, the opposing party need not

16  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

17  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

18  trial."  First Nat'l Bank, 391 U.S. at 289.  Thus, the "purpose of summary judgment is to 'pierce

19  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

20  Matsushita, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963

21  amendments).

22      In resolving the summary judgment motion, the court examines the pleadings, depositions,

23  answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ

24  P. 56(c); SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982).  The evidence of the

25  opposing party is to be believed, and all reasonable inferences that may be drawn from the facts

26  placed before the court must be drawn in favor of the opposing party.  Anderson, 477 U.S. at 255.

27  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

28  produce a factual predicate from which the inference may be drawn.  Richards v. Nielsen Freight

4

1    Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

2           Finally, to demonstrate a genuine issue that necessitates a trial, the opposing party "must

3    do more than simply show that there is some metaphysical doubt as to the material facts. . . .

4    Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving

5    party, there is no 'genuine issue for trial.'"   Matsushita, 475 U.S. at 586-87.

6                                              **ANALYSIS**

7           Plaintiff seeks a declaration from the court that Defendant wrongfully refused to defend

8    the underlying Holmes action.  (See ECF 11-1.)  Defendant argues that Plaintiff is not entitled to

9    a declaration of whether Defendant breached its duty to defend the Holmes action until

10   Defendant's rescission defense is resolved. [3]  (ECF 24 at   7:21-23.)

11          Specifically, Defendant asserts that Plaintiff "must show that Liberty is not entitled to

12   rescission of the policy before Plaintiff is entitled to any relief on this motion."  (Id. at 8:8-11.)

13   In support of this legal proposition, Defendant relies on Atmel Corp. v. St. Paul, 416 F. Supp. 2d

14   802 (N.D. Cal 2006), in which Defendant maintains the court denied an insured's motion for

15   summary judgment for defense costs because the insurer was entitled to seek the remedy of

16   rescission.  (ECF 24 at 8:12-17.)  In this case, Defendant's affirmative defense of rescission is

17   based on its allegations that Plaintiff "failed to disclose very important facts, despite direct

18   inquiry in the application" for the policy.  (Id. at 10:11-14.)

19          Plaintiff counters that Defendant's "belated post-tender rescission argument fails to

20   preclude summary judgment on the duty to defend."  (ECF 25 at 4:18-19.)  Plaintiff maintains

21   that, contrary to Defendant's contention, this specific issue is governed not by Atmel Corp., but

22   rather by National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496 (9th Cir. 1997).[4]  (Id. at

23   ──────────────────────────

24   [3]      In opposition to Plaintiff's motion, Defendant also argued that (1) because the underlying
     Holmes action settled, declaratory judgment is no longer appropriate, and (2) exclusion 4.5 of the
25   policy precludes coverage.  Because the court denies Plaintiff's motion on other grounds, it does
     not reach these issues.
26   [4]      The court notes that Plaintiff correctly states that National Steel Corp. v. Golden Eagle
     Ins. Co., 121 F.3d 496 (9th Cir. 1997) squarely addresses the duty to defend.  National Steel,
27   however, does not address Defendant's argument that the determination of the duty to defend
     should not be made until there is a final resolution of an insurer's affirmative defense of
28   rescission.

                                                      5

8:13-14.)   Specifically, Plaintiff asserts that <u>National Steel Corp.</u> is the relevant authority in that it is a duty to defend case whereas <u>Atmel Corp.</u> is merely a rescission case.  (Id. at 8:14-15.)

Plaintiff's contention that <u>Atmel</u> is not a duty to defend case is unavailing. Contrary to Plaintiff's position, <u>Atmel</u> is directly on point.  While Plaintiff is correct that <u>Atmel</u> addressed the circumstances under which an insurer may unilaterally rescind a contract, <u>Atmel</u> also addresses whether summary adjudication of an insurer's duty to defend is appropriate when the insurer has asserted rescission as an affirmative defense. <u>Atmel Corp.</u>, 416 F. Supp. 2d at 807.  In <u>Atmel</u>, the insured "contended that St. Paul had breached its duty to defend, notwithstanding St. Paul's allegations of rescission, and that St. Paul was liable for Atmel's defense costs unless and until it was adjudicated that the polices were rescinded."[5]  <u>Id.</u>

The <u>Atmel</u> court held that:

> [B]ecause rescission is retroactive to the time that the representation becomes false, if St. Paul is entitled to rescission, then it never owed Atmel a duty to defend. There is no dispute that St. Paul is permitted to raise rescission as an affirmative defense, and Atmel agrees that if St. Paul prevails on its affirmative defense, the policies are rendered void *ab initio*. Because a valid rescission voids a policy *ab initio*, and because both plaintiff's attempted enforcement of and defendant's attempted rescission of the policy are being decided in this one action, any preliminary declaration that the policies are currently in effect or that St. Paul is currently in breach of its duties would be inappropriate. Rescission is from the time the representation becomes false, and, of necessity, will avoid liability even on pending claims.  Thus, a rescission effectively renders the policy totally unenforceable from the outset so that there never was any coverage and no benefits are payable.

<u>Id.</u>  (internal citations and quotations omitted).

The court explained that "Atmel is free to argue to the jury that, *inter alia*, St. Paul had a duty to defend Atmel under these policies, that St. Paul acted in bad faith by refusing to defend, and that because Atmel did not misrepresent or conceal any material information when it applied for insurance, the policies are currently valid and St. Paul is not entitled to rescission."  <u>Id.</u>

Similarly here, the court is not ruling on whether or not Defendant breached its duty to

---

[5]     As is the case here, Plaintiff in <u>Atmel</u> brought its motion for partial summary judgment after the underlying action had settled.

1  defend; it only finds that, because Defendant's rescission defense could potentially void the

2  policy, this is not the proper juncture for summary adjudication of this issue.  As was the case in

3  Atmel, Plaintiff is free to argue in further stages of the litigation that it did not make any material

4  misrepresentation that could form the basis of Defendant's affirmative defense.  The court cannot,

5  however, make any determination that Defendant breached the contract by failing to defend the

6  Holmes action if the Contract is potentially void.  As such, Plaintiff's request for a declaration

7  that Defendant breached its duty to defend the Holmes action is currently improper.[6]

8                                    **CONCLUSION**

9          Based on the foregoing, Plaintiff's motion for partial summary judgment is DENIED

10  without prejudice.

11

12  Dated: September 4, 2013

13

14                                        _____
                                          Troy L. Nunley
15                                        United States District Judge

16

17

18

19

20

21

22

23

24

25

26  _____
    [6]       Plaintiff also argues that Defendant waived its right to rescind and that Defendant treated
27  the alleged misrepresentation as immaterial.  These arguments, however, are irrelevant because
    Plaintiff has not moved for summary judgment on Defendant's rescission defense; Plaintiff has
28  only moved for summary judgment on Defendant's duty to defend the underlying Holmes action.

                                          7